# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff; | |
| v. | Case No. |
| REAL PROPERTY LOCATED AT 3015 S. FORT AVENUE, UNIT A, SPRINGFIELD, MISSOURI, ALONG WITH ALL ITS BUILDINGS, APPURTENANCES, AND IMPROVEMENTS, | |
| Defendant. | |

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, R. Matthew Price, United States Attorney for the Western District of Missouri, and Anthony M. Brown, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.      This is an action to forfeit property to the United States for violations of 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C)[1].

---

[1] 18 U.S.C. § 981(a)(1)(C) provides for forfeiture of property derived from proceeds traceable to, *inter alia*, a "specified unlawful activity" (SUA) or a conspiracy to commit such an offense. SUAs are defined at 18 U.S.C. § 1956(c)(7).  SUAs include any offense under Section 1961(1). 18 U.S.C. § 1956(c)(7)(A).  Section 1343 wire fraud and Section 1956 money laundering are identified at 18 U.S.C. § 1961(1)(B).

## THE DEFENDANT *IN REM*

2.      The defendant real property consists of real property located at 3015 S. Fort Avenue, Unit A, Springfield, Missouri, and is more fully described as:

> ALL OF UNIT "A", BUILDING 9, OF EVERGREEN OFFICE CONDOMINIUMS IN WEST VILLAGE, A SUBDIVISION IN SPRINGFIELD, GREENE COUNTY, MISSOURI, ACCORDING TO THIRD AMENDMENT TO EVERGREEN OFFICE CONDOMINIUMS, FILED IN PLAT BOOK AAA, AT PAGE 182, RECORDER'S OFFICE, GREENE COUNTY, MISSOURI AND ACCORDING TO THE RECORDED DECLARATIONS IN BOOK 2708, AT PAGE 1112, AMENDED IN BOOK 2003, AT PAGE 59102-03, BOOK 2005, AT PAGE 34062-05, AND IN BOOK 2010, AT PAGE 49925-10, AND ANY OTHER AMENDMENTS OR ADDENDA THEREOF.

The recorded owner of the real property located at 3015 S. Fort Avenue, Unit A, Springfield, Missouri is Kalicia Asset Management LLC.

3.      The defendant real property has not been seized but is located within the jurisdiction of the Court as described below. The United States does not request authority from the Court to seize the defendant real property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1), post notice of this action and a copy of the Complaint on the defendant real property and serve notice of this action on the defendant real property owners, and any other person or entity who may claim an interest in the defendant real property, along with a copy of this Complaint. The United States may elect to file *Lis Pendens* as to the defendant real property at any time.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

2

5.     This Court has *in rem* jurisdiction over the defendant real property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district and the defendant real property is found in this district.

6.     Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in the Western District of Missouri, and pursuant to 28 U.S.C. § 1395, because the action accrued in this district and the defendant is found in this district.

## BASIS FOR FORFEITURE

7.     The defendant real property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), because it constitutes or is derived from proceeds traceable to an offense constituting a SUA as defined in Section 1956(c)(7) and 1961(1) of Title 18, United States Code, or a conspiracy to commit such offense.   Such offenses include violations of 18 U.S.C. § 1343 (wire fraud).

8.     The defendant real property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it constitutes property involved in transactions or in attempted transactions in violation of sections 1956 and 1957 of Title 18, United States Code, or is property traceable to such property.

3

## FACTUAL ALLEGATIONS

9.     Federal law enforcement investigated Matthew France, who died on or about October 20, 2025, based on his involvement in a suspected scheme to embezzle funds from his clients that took place between December 2019 and October 2025.

10.     France was an accountant, and he owned Matrix Accounting and Tax LLC ("Matrix"), an accounting business that offered tax preparation and filing for individuals and businesses.

11.     In December 2019, a 79-year-old client ("SM") approached France for advice on how to title a home given to SM by a friend to repay a debt the friend owed SM.

12.     France convinced SM to transfer the ownership of the home into a Limited Liability Company ("LLC") so that the home would not be in SM's name, but SM would retain ownership through the LLC.

13.     To this end, on or about December 26, 2019, France obtained an Employer Identification Number ("EIN") through the Internal Revenue Service ("IRS") by completing Form SS-4 for an LLC established for SM's home, Morehouse LLC ("Morehouse").

14.     France listed the address of Matrix, on the SS-4 as the address for Morehouse, and listed France as the sole member of Morehouse.

15.     The IRS SS-4 form submitted by France was transmitted through interstate wires and processed by a facility located in Cincinnati, Ohio.

16.     France filed Articles of Organization for Morehouse with the Missouri Secretary of State on or about January 2, 2020, again providing the address of Matrix as the registered office of the LLC.

4

17.     On July 16, 2021, SM sold the home for $357,647.86. SM signed all contracts and agreements as the sole member of Morehouse, signing via the Internet using Authentisign, an application maintained by Lone Wolf Real Estate Technologies based in and with servers located in Dallas, Texas.

18.     SM told France that SM wished to use the proceeds of the sale to help pay an IRS tax debt of the friend who gave SM the home. SM brought the check for the proceeds of the home to France, and France told SM that France would mail a check to the IRS.

19.     Instead, on August 4, 2024, France opened account x1369 at Central Bank of the Ozarks in the name of Morehouse, with sole signatory authority, and deposited the check in that account.

20.     During the account creation process, Central Bank used several out-of-state vendors and third parties to research and verify information provided by France and continued to send information via interstate wires to a company in Texas for continual monitoring.

21.     On May 11, 2023, France withdrew $100,000 via Cashier's Check #389900 written to "Matthew France" drawn on account x1369 at Central Bank of the Ozarks, located in the Western District of Missouri.

22.     On October 27, 2023, France deposited Cashier's Check #389900 for $100,000 into account x7938 at Legacy Bank and Trust. France made no further deposits into the account.

23.     On August 23, 2024, France withdrew $101,772.21 via Cashier's Check #099387 written to "Matthew B. France" drawn on account x7938 at Legacy Bank and Trust.

24.     On that same date, France deposited check #099387 into account x0746 belonging to Matrix at Systematic Savings Bank.

5

25.     Further on that same date, France withdrew $100,000 via bank check #14512 written to Hogan Title, drawn on Matrix's account x0746.

26.     On September 3, 2024, France filed Articles of Organization via the Internet with the Missouri Secretary of State for Kalicia Asset Management LLC ("Kalicia"), listing its principal office address as Matrix's address. France requested that the finalized document be returned to "Accounting & Tax Matrix" with an email address of "payroll@matrix.tax."

27.     On or about September 5, 2024, France purchased the defendant real property for $220,000 and completed the transaction at Hogan Title, located in the Western District of Missouri. France used the $100,000 bank check #14512 written to Hogan Title to pay half of the cost of the defendant real property. France paid the remaining balance via a $110,000 cashier's check #14527 from account x0746 on September 5, 2024, and via a $9,301.26 cashier's check #501208392 from France's personal account at UMB Bank on September 6, 2024 .

28.     A warranty deed for the defendant real property was recorded with the Greene County, Missouri, Recorder's Office for the defendant real property, with Kalicia listed as the owner/grantee.

29.     During a search warrant executed at France's home and business on or about February 21, 2024, federal agents located two electronic files of Morehouse's Operating Agreements on a hard drive, with one file naming SM as the sole owner and another naming France as the owner.

30.     SM told federal agents that he believed that he had sole ownership of Morehouse, he had sole ownership of the home, and the proceeds of the house had gone to pay his friend's tax debt.

6

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

31.     The Plaintiff repeats and incorporates by reference the paragraphs above.

32.     By the foregoing and other acts, the defendant real property constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343, and therefore, are forfeitable to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C).

### SECOND CLAIM FOR RELIEF

33.     The Plaintiff repeats and incorporates by reference the paragraphs above.

34.     By the foregoing and other acts, the defendant real property constitutes proceeds involved in transactions or attempted transactions, in violation of Title 18 U.S.C. §§ 1956 and 1957, or is property traceable to such a transaction, and therefore, are forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE the United States prays that the defendant real property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

**R. MATTHEW PRICE**
United States Attorney

By:     */s/ Anthony M. Brown*
        **ANTHONY M. BROWN**
        Assistant United States Attorney
        Missouri Bar No. 62504
        901 East St. Louis St.
        Suite 500
        Springfield, Missouri 65806
        Telephone: 417-575-8167
        E-mail: Anthony.Brown2@usdoj.gov

7

## VERIFICATION

I, Special Agent Jared Wooderson, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Internal Revenue Service, Criminal Investigations, that I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the factual matters contained in paragraphs 9 through 30 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the United States Internal Revenue Service, Criminal Investigations.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 11/17/25

Jared L.
Wooderson
Digitally signed by Jared
L. Wooderson
Date: 2025.11.17
07:11:30 -06'00'

Jared Wooderson
Special Agent
Internal Revenue Service – Criminal
Investigations